## Snyder v. Board of Governance of the Pennsylvania Bar.

Argued April 21, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. A. Welsh,* for appellant.

*Thomas B. K. Ringe,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 11, 1942:

The Board of Governance has recommended that W. Lloyd Snyder, who is sixty-five years of age, who has been a member of the Northumberland County Bar for more than forty years, and of the Bar of this Court for approaching twenty-nine years, and who, in all that time has had no blemish on his professional career, save that now being considered, shall be disbarred on the ground that he violated Section 74 of the Act of April 14, 1834, P. L. 333, 17 PS sec. 1662, by retaining for a long period —four years—the sum of $183.58, which had been placed in his hands, by a building association, of which he was solicitor, for the purpose of paying a municipal lien against a property on which the association had negotiated a loan to Lizabette Derito, secured by a first mortgage. The money has been paid over since the complaint against respondent was filed.

In their brief, the Board of Governance says: "While the Respondent's previous unblemished record at the Bar extending over a period of many years, his illness during the particular period in question, and the smallness of the amount of money involved, are certainly matters which must be given careful consideration, it is suggested that they do not make the admitted unprofessional conduct any less offensive. The Board of Governance, of course, agrees with the Respondent's statement that your Honorable Court in this case, as indeed

in all disciplinary matters, may exercise its discretion as to the appropriate punishment which should be imposed upon the Respondent."

It is our understanding, that the recommendation of disbarment made by the Board of Governance results solely from its conclusion, that respondent had violated Section 74 of the Act of 1834. That is a very drastic provision of the law. It makes disbarment mandatory, if the offense charged comes clearly within its language: "If any such attorney shall retain money belonging to his client *after demand made by the client* for the payment thereof, it shall be the duty of the court to cause the name of such attorney to be stricken from the record of the attorneys, and to prevent him from practicing longer in the said court." (Italics supplied.)

The record discloses no demand made by the building association upon respondent for the payment of the money. It does show demand by Mrs. Derito. Whether she was his client is at least doubtful, beyond question the association was. In this situation, and in view of the other alleviating circumstances shown by the record and in the quoted portion of the report of the Board of Governance, we are not disposed to apply the stern provisions of Section 74. It is to be noted, that the local Board of Censors was evenly divided on the question of punishment to be meted out, as was the court below, which certified the case to the Board of Governance.

We think Section 73 of the Act is the more appropriate one to apply under the circumstances here appearing. It provides: "If any attorney at law shall misbehave himself in his office of attorney, he shall be liable to suspension, removal from office or to such other penalties as have hitherto been allowed in such cases by the laws of this Commonwealth." In accordance therewith, it is ordered and decreed that W. Lloyd Snyder be and he is hereby suspended from the Bar and from the practice of law for the period of six months from the date of the filing of this decree. It is directed that he shall pay the costs.